```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

WILLIAM MARK SULLIVAN,            §
(Wise County No. 74557            §
TDCJ No. 1006186)                 §
VS.                               §   CIVIL ACTION NO.4:12-CV-579-Y
                                  §
                                  §
JOHN H. FOSTEL, et al.            §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B) (With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff William Mark Sullivan's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Sullivan, an inmate at the Wise County, Texas, jail, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and naming as defendants John H. Fostel, judge, 271st Judicial District Court, Wise County, Texas; prosecutors Barry S. Green and another identified only as "Lindy"; private attorney Mike Carrillo; a Wise County jail official named Ken Steel; Wise County and Tarrant County, Texas; and Sheriff David Walker.[1] (Compl. Style; § IV(B); More Definite Statement (MDS) ¶ 16.) In response to a Court order, Sullivan filed a more definite statement along with numerous exhibits and attachments.

Sullivan is presently detained on a charge of failing to comply with sex-offender registration requirements in case number 16653 pending before the 271st Judicial District Court. (More Definite

---

[1] Sullivan also references another court appointed attorney, Sam Bishop, but he has not named Bishop as a defendant.

Statement (MDS) ¶ 5; Exhibit E.) The indictment in the new case listed as reportable convictions two prior 2000 convictions for aggravated sexual assault of a child. (MDS at Exhibit E.) The bulk of Sullivan's complaint and the information provided in response to his being ordered to file a more definite statement relates to challenges to these two prior convictions in the 271st Judicial District Court for aggravated sexual assault of a child, case numbers 10,805 and 11,483. (MDS ¶¶ 1-4; Exhibits A-2 and B-2.)

Sullivan alleges that Judge Fostel denied him the right to a reasonable bail both in 2000 and under the currently pending charges. (MDS ¶ 8.) He also alleges Judge Fostel allowed his counsel to withdraw without appointing another attorney. (MDS ¶ 9.) Sullivan alleges that his counsel in the 2000 proceedings failed to argue his motions to quash and to suppress the indictments, failed to exercise independent judgment, denied him due process, and otherwise provided ineffective assistance of counsel. (MDS ¶¶ 10-12.) Sullivan alleges that prosecutors Barry Green and "Lindy" illegally resurrected a new case without an indictment. (MDS ¶¶ 13-14.) Sullivan also alleges that Sheriff David Walker and Ken Steel were deliberately indifferent to his serious medical needs in June 2012 by failing to provide him corrective shoes. (MDS ¶ 16, ¶ 20.) He also alleges that Ken Steel denied him access to courts when Steel refused to allow him to make legal copies so he could comply with the rules of court, and denied him access to the law library. (MDS ¶ 16.) As to Wise and Tarrant Counties, Sullivan alleges they have both denied

2

him the right to seek habeas corpus relief. (MDS ¶ 18.) Sullivan seeks to have his convictions overturned, and to be duly compensated. (Compl. § VI; MDS ¶ 22.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and more definite statement under these standards, the Court concludes that Sullivan's claims

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id.,* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

3

must be dismissed.

With regard to any claims against Judge John H. Fostel for monetary damages, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[7] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[8] Because any complained-of conduct by Judge Fostel was judicial in nature and was undertaken pursuant to the legal jurisdiction of the 271st Judicial District Court, Judge Fostel is entitled to absolute immunity from any monetary damages claims.

Likewise, prosecutors Barry Green and Lindy are entitled to absolute immunity for any monetary damages claims. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[9] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[10]

---

[7] *Mireless v. Waco*, 502 U.S. 9, 11 (1991)(citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); see also, *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

[8] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

[9] *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[10] *Imbler,* 424 U.S. at 431 n.33.

4

Here, even assuming Plaintiff's allegations against Barry Green and Lindy are true, they would have taken such action in their roles as prosecutors on behalf of the State of Texas. Thus, defendants Barry Green and Lindy are entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims will also be dismissed.

Sullivan also names Tarrant County and Wise County, Texas, as defendants. Although a county is a "person" within the meaning of § 1983, it may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[11]  The Supreme Court, in *Monell v. New York City Department of Social Services,* emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.[12]

Thus, § 1983 liability attaches "only where the municipality *itself* causes the constitutional violation at issue."[13] Sullivan has not provided any factual allegations whatsoever of a policy or custom against either Tarrant or Wise County. In response to the Court's

---

[11]*Monell v. New York City Dept.of Social Services*, 436 U.S. 658, 691 (1978).

[12]*Id.* at 694.

[13]*City of Canton v. Harris,* 489 U.S. 378, 385 (1989)(emphasis in original).

5

inquiry about whether any policy or custom of either county related to his allegations, Sullivan provided a non-responsive answer about a ruling of the Texas Court of Criminal Appeals. (MDS ¶ 19.) Thus, lacking any factual allegation of a policy or custom, Plaintiff's claims against Tarrant and Wise Counties of Texas, must be dismissed.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[14] As to Sullivan's allegations against his former attorney, Mike Carrillo, he has failed to satisfy the second element. Sullivan has failed to show that Mike Carrillo, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[15] Sullivan cannot show that Carrillo was acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against this defendant must be dismissed.

---

[14] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[15] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986)(citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

On other claims, the Court concludes that Sullivan has failed to satisfy the first element. As noted, Sullivan alleges that Ken Steel denied him access to courts by limiting his access to the law library based upon the fact that Sullivan, at the time, had appointed counsel. Although the Supreme Court, in *Bounds v. Smith*,[16] recognized a fundamental constitutional right of access to the courts, it later clarified the scope of a prisoner's right of access to the courts and found that a prisoner must allege an actual injury to support a claim for a violation of such right:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense . . . [t]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.[17]

Thus, in order to state a claim of a right to relief on the alleged facts, Sullivan must set forth that the complained-of action hindered

---

[16] *See Bounds v. Smith,* 430 U.S. 817, 828 (1977)(recognizing prisoners' constitutional right of access to courts); *see generally Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993)("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses")(quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare,* 925 F.2d 844, 851 (5th Cir. 1991)).

[17] *Lewis v. Casey,* 518 U.S. 343, 351 (1996).

7

his efforts to pursue a legal claim.[18] But Sullivan has not done this.

A plaintiff represented by court-appointed counsel has no constitutional right of access to a law library.[19] Thus, while represented by attorney Sam Bishop, Sullivan's right of access to court was not violated by a limitation on his access to the library. Furthermore, Sullivan has recently demonstrated his ability to pursue legal challenges by his presentation of this case, a petition for writ of mandamus in state court, and several other cases pending in federal court.[20] (MDS Exhibits A-3.) Thus, as Sullivan has not shown he was prevented from seeking relief in court, his claims of a denial of access to court must be dismissed.

Sullivan also alleges that Sheriff Walker and Ken Steel were deliberately indifferent to his serious medical needs in denying him

---

[18] *See Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir. 1999)(inmate alleging denial of access to courts must demonstrate actual injury)((citing *Ruiz v. United States,* 160 F.3d 273,275 (5th Cir. 1998)(holding that without proof of actual injury a prisoner cannot prevail on an access-to-the-courts claim)); *see also McDonald v. Steward,* 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that such a plaintiff must show prejudice to his position as a litigant)(citations omitted).

[19] *See Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996)("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained n the law") (citation omitted) ; *see also Caraballo v. Fed. Bureau of Prisons,* 124 Fed. Appx. 284, 285 (5th Cir. 2005) (holding that because plaintiff had court-appointed counsel, he had no constitutional right of access to the law library to help prepare his defense, and therefore failed to state a claim upon which relief may be granted).

[20] Sullivan has recently filed four separate petitions under 28 U.S.C. § 2254 in this district, two of which are still pending: *Sullivan v. Walker,* No.4:12-CV-844-Y (February 27, 2013 Order of Dismissal); *Sullivan v. Walker,* No.4:13-CV-134-A (consolidated with *Sullivan v. Walker,* No.4:13-CV-114-A (March 4, 2013 Order of Consolidation)) and *Sullivan v. Walker,* No.4:13-CV-135-Y.

8

access to corrective shoes.  As Sullivan was apparently a pre-trial detainee at the time of the events made the basis of this claim, his rights flow from the procedural and substantive guarantees of the Fourteenth Amendment.[21] The Fourteenth Amendment requires the state to provide for the basic human needs of pre-trial detainees, including the right to adequate medical care.[22] In order to establish a violation of this constitutional right, a detainee must show that the defendant acted with deliberate indifference to his serious medical needs.[23]  To make a claim of deliberate indifference, a plaintiff must demonstrate that the defendant official has actual subjective knowledge of a substantial risk of serious harm, but responds with deliberate indifference to that risk.[24] Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants."[25] This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official

---

[21] *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999).

[22] *Lacy v. Shaw,* 357 Fed. Appx. 607, 2009 WL 4885183, at *2 (5th Cir. Dec. 16, 2009)(citing *Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998)); *see also Carter v. Reach,* NO. 09-60776, 2010 WL 4272466, at *1, (5th Cir. Oct. 29, 2010).

[23] *Lacy,* 2009 WL 4885183, at *2.

[24] *See Hare,* 75 F.3d at 648.

[25] *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[26]

In the medical-care context, a detainee must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[27] Deliberate indifference encompasses only "'unnecessary and wanton infliction of pain' or acts 'repugnant to the conscience of mankind.'"[28]

Sullivan's claims is difficult to understand, but the Court construes his responses to the order for more definite statement as complaints of failing to provide him corrective shoes. (MDS ¶¶ 16-17, 20-21.) In review of the copies of grievances provided by Sullivan as exhibits to his more definite statement, however, it is evident that Ken Steel informed Sullivan that there was no doctor prescription for such a shoe and that Sullivan was observed in the recreation yard playing basketball without such a shoe. (MDS-Exhibit C-16-3.) Also, Warden Walker's response to another grievance relating to the request for shoes indicated that the jail physician assistant had not ordered

---

[26]*Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *see also Hare,* 74 F.3d at 648 ("[W]e conclude that a deliberate indifference standard is compelled by our cases and consistent with the relevant teachings of the Supreme Court. We hold that the episodic act or omission of a state jail official does not violate a pretrial detainees's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs").

[27]*Lacy,* 2009 WL 4885183, at *2 (citing *Johnson,* 759 F.2d at 1238)).

[28]*Carter,* 2010 WL 4272466, at *1 (quoting *Estelle,* 429 U.S. at 105-06).

10

an orthopedic consultation, and that Sullivan's family was welcome to provide any shoes and, if they did so, Sullivan would be allowed to wear them. (MDS Exhibit A-16.) These responses show that Walker and Steel did not respond with deliberate indifference to Sullivan's alleged need to wear corrective shoes. This claim must be dismissed.

With regard to any remaining claims, the Court concludes that they are not cognizable under 42 U.S.C.§ 1983. In *Heck v. Humphrey*,[29] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[30] As to the challenges related to his 2000 convictions, Sullivan has not shown that these conviction have been reversed or set aside in any of the manners listed, such that his remaining claims are not cognizable under *Heck v. Humphrey*.[31]

---

[29] 512 U.S. 477, 486-87 (1994).

[30] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[31] Also as to the pending charge, if Sullivan is seeking injunctive relief against Judge Fostel and his appointed attorney, Sam Bishop, for their actions taken in state court, such relief is not appropriate in this suit. With regard to Judge Fostel, section 1983 expressly provides "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C.A. § 1983 (West 2003). Furthermore, as to both defendants, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here. *See Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.),*cert. denied,* 515 U.S. 1145 (1995). Abstention is required under the *Younger* doctrine when: (1) state proceedings,

*Order*

All claims for monetary damages again Judge John Fostel, and prosecutors Barry Green and "Lindy" are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii), and all remaining claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and alternatively DISMISSED WITH PREJUDICE to their being asserted until the *Heck v. Humphrey* conditions are met.[32]

SIGNED March 22, 2013.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490. Thus, the Court concludes that if Sullivan is seeking claims for injunctive type relief against his pending charges, such claims must be dismissed under authority of 28 U.S.C. § 1915A(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

[32]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).